IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LOUIS SMITH** **PLAINTIFF**

**v.** **No. 4:18CV219-DAS**

**CAPTAIN K. KING, ET AL.** **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Louis Smith, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his right to due process regarding the handling of a Rule Violation Report. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On July 5, 2018, a member of staff at Unit 26-B of the Mississippi State Penitentiary, issued a Rule Violation Report against plaintiff Louis Smith for possessing a cell phone and ear buds, found on his bed. The plaintiff alleges that the paperwork shows that he was found not guilty of the infraction, but was nonetheless punished for the violation.[1] He alleges multiple errors in processing the Rule

---

[1] Though not material to the outcome of this case, Mr. Smith is correct that the "Not guilty" blank is checked on the Rule Violation Report. However, the report as a whole reflects that Mr. Smith was found guilty of the infraction.

Violation Report, including the failure to permit him to call witnesses and introduce evidence on his behalf. He was punished by removal of all privileges for 6 months, and, as a result of the guilty finding, he may lose some "good time" credits – which could delay his release on parole. In addition, he was placed in more restrictive custody and lost his prison job.

## Due Process in the Prison Context

Under the ruling in *Sandin v. Conner*, 515 U.S. 472 (1995), the plaintiff has not set forth a valid claim for violation of the Due Process Clause or any other constitutional protection. Though

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause, . . . these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin*, the discipline administered the prisoner was confinement in isolation. The court found that this discipline fell "within the expected parameters of the sentence imposed by a court of law," and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 2301 and 2300. Therefore, neither the Due Process Clause itself nor State law or regulations gave rise to a liberty interest providing the constitutional procedural protections afforded prisoners. *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974); s*ee also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

In the present case, the plaintiff's punishment was loss of privileges for six months. In addition, the guilty finding caused the loss of his prison job, placement in more restrictive custody, and potentially the loss of good time credits. As far as the loss of privileges, prison job, and a favorable custody level, such punishment clearly falls "within the expected parameters of the sentence imposed

by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id*. As such, the plaintiff's allegations regarding violation of his right to due process are without merit, and they will be dismissed for failure to state a claim upon which relief could be granted. The court will discuss the potential loss of good time credits below.

## Loss of Good Time Credits Is a *Habeas Corpus* Claim, Not a Civil Rights Claim Under 42 U.S.C. § 1983

In the Fifth Circuit, *habeas corpus* petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000). If an inmate brings a challenge that will affect the length of his incarceration, then the appropriate vehicle to do so is a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. A challenge to the *execution* of a sentence, rather than its validity, must be brought under 28 U.S.C. § 2241. *Id.,* at 490; *see also, Batiste v. State Bd. of Pardon and Parole,* 1999 WL 102027 at *1 (E.D.La.1999) (quoting *King v. Lynaugh,* 729 F.Supp. 57, 58 (W.D.Tx.1990)); *McIntosh v. U.S. Parole Comm'n,* 115 F.3d 809, 811 (10th Cir.1997) (petitions under § 2241 are used to attack execution of a sentence); *Hall v. Saffle,* 10 Fed. Appx. 768, 2001 WL 589514 at *2 (10th Cir. May 31, 2001) (unpub.) (due process challenge to the execution of a sentence is properly considered under § 2241). Section 2241 is the appropriate vehicle to challenge government action that affects the actual duration of the petitioner's *custody* (rather than the length of the *sentence* imposed), "such as challenges to administrative orders revoking good-time credits, computation of a prisoner's sentence by prison officials, a right to release on parole, or other equivalent

sentence-shortening devices." § 5:7. Federal prisoners—Section 2241 habeas corpus petitions, Postconviction Remedies § 5:7.

In his claim challenging the potential loss of good time credits, the plaintiff challenges merely the length of his incarceration under the sentences imposed, rather than the sentences, themselves. Thus, he seeks federal *habeas corpus* relief under 28 U.S.C. § 2241, which he must raise in a separate *habeas corpus* case. This allegation must therefore be dismissed for failure to state a valid claim under 42 U.S.C. § 1983.

### Defendants Turner and Cox Must Be Dismissed Because They Had No Direct Involvement in This Case

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). A § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007). In this case, Mr. Smith alleges that defendant Cox was involved because "she failed to resolve the grievance concerning the appeal of the [Rule Violation Report]." Doc. 1 at 4. The plaintiff listed Marshall Turner as a defendant "because he is the supervisor who is responsible for the S.O.P. being followed." *Id*. As these defendants participated in the events of this case only during the grievance process or in their capacities as supervisors, they must dismissed with prejudice from this suit.

### Classification

Similarly, defendant Young must be dismissed from this case, as her actions were limited to reclassifying Mr. Smith after he was found guilty of the rule infraction. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 459 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted).

### Conclusion

For the reasons set forth above, defendants Turner and Cox must be dismissed from this case, as they participated in the events of this case merely through the grievance process or as supervisors. In addition, defendant Young must be dismissed with prejudice from this case, as she merely reclassified Mr. Smith after he was found guilty of the Rule Violation Report – and inmates have no liberty or property interest in a particular classification. Finally, the instant case must be dismissed in its entirety for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of January, 2019.

/s/ David A. Sanders
DAVID A. SANDERS
UNITED STATES MAGISTRATE JUDGE